## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| A.M. *et al.*,<br>    **Plaintiffs,**<br><br>   v.<br><br>**BRIDGES PUBLIC CHARTER SCHOOL,**<br>   **Defendant.** | )<br>)<br>)<br>)<br>)    Civil No. 1:17-cv-02333-RCL<br>)<br>)<br>)<br>)<br>) |

## ORDER

  Plaintiffs M.M. and M.K.M., who are the parents and next friends of A.M., a minor, and A.M. individually, allege that Bridges Public Charter School (Bridges PCS) denied A.M. a free appropriate public education (FAPE) in violation of the Individuals with Disabilities Education Improvement Act (IDEA), 20 U.S.C. § 1400 *et seq.* Compl., ECF No. 1. This dispute centers around an individualized education program (IEP) designed for A.M. in June 2016, during her first year at Bridges PCS. Plaintiffs assert that the IEP was inappropriate and seek reimbursement for tuition and related costs incurred when they enrolled A.M. in a private special education school, Katherine Thomas School, for the 2016–2017 and 2017–2018 school years. This matter is before the Court on the Report and Recommendation filed by Magistrate Judge G. Michael Harvey on January 30, 2019. R. & R., ECF No. 26. The 14-day period during which the parties may file objections to the Report and Recommendation has expired, *see* LCvR 72.3(b), and neither party has filed objections.

  Plaintiffs moved for summary judgment, ECF No. 16, asking the Court to reverse the Hearing Officer's Determination (HOD), which denied all of their requested relief. Plaintiffs

argued that the hearing officer improperly weighed the testimony presented at the due process hearing. Plaintiffs argued that the June 2016 IEP was inappropriate because of: (1) the inclusion of discrete trial instruction (DTI) or applied behavior analysis[1]; (2) the prescription for five hours in the general education classroom setting; (3) the failure to include goals to address A.M.'s needs in the area of attention; and (4) the failure to include integrated related services in which related therapies (speech-language, occupational, and physical therapies) are done in the classroom. Further, plaintiffs contended that the hearing officer erred in his determination that the procedural violation related to the failure to allow an observation of the proposed program at Bridges PCS did not deny A.M. a FAPE. Plaintiffs also alleged that the hearing officer erred in finding the proposed IEP at Bridges PCS was reasonably calculated to allow A.M. to make general progress or progress in the area of communication. In addition, plaintiffs argued that the hearing officer erred in finding that safety concerns at Bridges PCS did not deny A.M. a FAPE. Finally, plaintiffs asserted that Katherine Thomas School is an appropriate placement for A.M. and that they should therefore be reimbursed for the tuition and related fees incurred in connection with enrolling A.M. at the school.

Defendant's cross-motion for summary judgment, ECF No. 20, argued that the HOD's conclusions were correct except as to his interpretation of the requirements of the D.C. Special Education Students Rights Act. Defendant asserted that the Act does not require it to allow observation by parents or representatives of students who are not enrolled at Bridges PCS. Defendant further argued that Katherine Thomas School was not appropriate under the IDEA because the school did not provide A.M. with multiple services prescribed in the June 2016 IEP.

---

[1] DTI is a methodology in which "[c]omplex goals are broken down into simple elements which can be taught in repeated trials." *M.H. v. New York City Dep't of Educ.*, 712 F. Supp. 2d 125, 131 n.2 (S.D.N.Y. 2010), *aff'd*, 685 F.3d 217 (2d Cir. 2012).

Magistrate Judge Harvey found that the plaintiffs did not demonstrate that the hearing officer improperly weighed the testimony presented at the due process hearing. Magistrate Judge Harvey rejected all of plaintiffs' arguments regarding why the June 2016 IEP was inappropriate. First, he found that the hearing officer was correct in pointing out that DTI was removed from the final version of the June 2016 IEP. While plaintiffs then changed their argument to contend that Bridges PCS would have been unable to implement the June 2016 IEP as written because the school would have had to use DTI in its instruction of A.M. because it was a primary method by which special education instruction was delivered to students with disabilities at Bridges PCS, Magistrate Judge Harvey determined plaintiffs could not raise a claim in the district court that had not first been raised in the due process hearing. Magistrate Judge Harvey continued that even if this argument was addressed on its merits, the claim would fail because the evidence did not establish that DTI was an inappropriate methodology for A.M. Second, Magistrate Judge Harvey concluded that the hearing officer did not err in determining that the prescribed five hours of inclusion time in the general education setting in the June 2016 IEP was not inappropriate. Third, Magistrate Judge Harvey found that the plaintiffs had not properly raised the issue of whether the June 2016 IEP was inappropriate based on the lack of inclusion of any goals in the area of attention below, and therefore could not raise this issue at the district court level for the first time. Nevertheless, the hearing officer addressed this claim on the merits and Magistrate Judge Harvey found that the hearing officer was correct in determining that any assumed violation of the IDEA based on a failure to include goals in the area of attention did not affect the student's substantive rights. Fourth, Magistrate Judge Harvey determined that the hearing officer did not err in finding that the evidence established that related therapies (speech-language, occupational, and physical

therapies) were provided in the classroom at Bridges PCS, and that A.M. therefore received integrated services at Bridges PCS.

Also, Magistrate Judge Harvey concluded that the hearing officer did not err in finding that Bridges PCS had met its burden of persuasion that its June 2016 IEP proposed for A.M. was reasonably calculated to enable A.M. to make progress appropriate in light of her circumstances. And Magistrate Judge Harvey determined the hearing officer did not err in concluding that A.M. had made sufficient progress in the area of communication. Additionally, he found that the hearing officer did not err in finding that A.M. was not denied a FAPE because of alleged safety concerns.

Further, Magistrate Judge Harvey assessed that the hearing officer did not err in determining the failure to allow an observation of the proposed program at Bridges PCS after A.M. was already enrolled at Katherine Thomas School for the 2016–2017 school year did not impede the parents' opportunity to participate in the decision-making process regarding the provision of a FAPE to A.M. and did not deny A.M. a FAPE. Although the defendant argued in its cross-motion for summary judgment that the failure to allow an observation was not even a procedural violation of the IDEA, Magistrate Judge Harvey did not find it necessary to address this question because, even assuming there was a procedural violation, it did not affect plaintiffs' substantive rights.

In addition, Magistrate Judge Harvey determined that plaintiffs were barred from obtaining reimbursement for A.M.'s placement at Katherine Thomas School because the June 2016 IEP and placement at Bridges PCS were adequate. Finally, Magistrate Judge Harvey found it unnecessary to address the parties' arguments about the appropriateness of A.M.'s placement at Katherine Thomas School because he recommended finding that Bridges PCS did not deny A.M. a FAPE.

Accordingly, Magistrate Judge Harvey recommended denying plaintiffs' motion for summary judgment and granting defendant's cross-motion for summary judgment. After

consideration of the Report and Recommendation of Magistrate Judge Harvey, the absence of any party's objection thereto, the entire record before the Court, and the applicable law, the Court **ADOPTS** Magistrate Judge Harvey's Report and Recommendation. Thus, plaintiffs' motion for summary judgment is **DENIED** and defendant's cross-motion for summary judgment is **GRANTED**. Plaintiffs' claims are **DISMISSED** with prejudice.

It is **SO ORDERED**.

SIGNED this 29th day of March, 2019.

_____

Royce C. Lamberth

United States District Judge